# AFFIDAVIT

I, Evan Kalaher, do under oath depose a state:

*Agent Background*

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI"). I am currently assigned to the FBI's Rhode Island Safe Streets Gang Task Force (hereinafter, the "Task Force") and investigate violent street gangs and drug/firearms trafficking organizations operating in and around the State of Rhode Island.

2. I have received training in the field of narcotics and firearms enforcement and investigations. I am familiar with the habits, methods, routines, practices and procedures commonly employed by persons engaged in the trafficking of illegal firearms and drugs. I have been the affiant on numerous affidavits in support of search warrants, arrest warrants, and other applications. Through my training, education and experience, I have become familiar with the manner in which illegal narcotics and firearms are transported, stored, and distributed, and with the methods of payment for such items.

*Purpose*

3. I submit this affidavit in support of an application for search warrants for (1) a maroon 2005 Buick minivan bearing Vehicle Identification Number (VIN) 5GADV33LX5D156896 ("TARGET VEHICLE"), as more particularly described in Attachment A-1, that is currently located on the premises of 19 Beech Street, Pawtucket, Rhode Island, as well as (2) the basement of the premises of 19 Beech Street, Pawtucket, Rhode Island ("TARGET LOCATION"), as more particularly described in Attachment

A-2, to search for evidence of criminal activity of violations of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) (Possession with intent to distribute controlled substances) (the "Specified Federal Offense").

4. The facts set forth in the Affidavit are based on my personal observations, my training and experience, information obtained from other agents, officers, witnesses, and records obtained during the course of the investigation. Because this affidavit is being submitted for the limited purpose of showing probable cause for the issuance of the requested arrest warrant and complaint, and search and seizure warrants, I have not included each and every fact known to me and other law enforcement officers involved in this investigation. Rather, I have included only those facts that I believe are necessary to establish probable cause for the issuance of the requested complaint and arrest, search, and seizure warrants.

*Summary of Probable Cause*

5. On March 1, 2023 members of the Rhode Island Safe Streets Task Force along with members of the Pawtucket Police Department Special Squad executed a search warrant of 19 Beech St, Unit 3, Pawtucket, RI, pursuant to a search warrant issued on February 28, 2023 by Magistrate Judge Patricia A. Sullivan. *See* 23-SW-58.

6. Subsequent to the search and arrest warrant execution, GARY DORAN a/k/a "G-BABY" was placed under arrest without incident at 24 Walnut Street, Apartment 3, East Providence, RI.

7. Upon entry of the Beech Street location, the residence was cleared and no occupants were encountered. Agents entered the side door up a small driveway that

contained three vehicles. The third vehicle (the TARGET VEHICLE) was identified as a maroon 2005 Buick minivan bearing Vehicle Identification Number (VIN) 5GADV33LX5D156896, and did not have a license plate affixed to it. The VIN number was queried in the Rhode Island Department of Motor Vehicles and identified the owner as A.N. with year of birth of 1971 and an address of Lincoln Avenue in Riverside, RI. A first floor tenant at the Beech Street residence has told Agents that he is the owner of the TARGET VEHICLE.

8. Upon closer inspection of the TARGET VEHICLE and immediate surrounding area, Agents observed fresh footprints in the snow that appeared to walk to and from the vehicle to the door that Agents entered to gain access to the Beech Street residence. Photographs were taken of the footprints prior to any Agents disturbing the area. A law enforcement clear was done to ensure the vehicle was not occupied. While shining a flashlight into the vehicle, a digital scale was observed in plain view resting on the center console of the interior of the vehicle. It appeared that some drug residue was on top of the scale.

9. An American Police K9 Association narcotics certified K9 conducted an area search of the TARGET VEHICLE. During the exterior search, the K9 made a positive indication of the presence of narcotics odor in the vicinity of the vehicle.

10. The TARGET VEHICLE has been secured pending a Search Warrant.

11. Additionally, during the law enforcement clear of the Beech Street residence, there was an open common door that led to the basement (TARGET LOCATION). During the law enforcement clear, there was an open storage located

underneath the basement stairway.  That area that contained numerous plastic bags that were left open which enabled Agents to observe the contents.  Within the plastic bags, Agents observed baking soda, clear sandwich bags, Food Saver vacuum bags and a box of respirator masks.  There were also metal plates protruding through a duffel bag. On top of the duffel bag was what appeared to be a hydraulic jack. Based on my training and experience, the metal plates and hydraulic jack are consistent with a commonly used method to press narcotics into kilogram quantities of drugs. Furthermore, the baking soda and packaging materials are consistent with drug trafficking activities.

12.     Two second floor tenants at the Beech Street residence told Agents this morning that they do not use the TARGET LOCATION.  They further stated that they have observed a heavy-set male with a beard who drives the black Toyota SUV  -- a description Agents know to match that of DORAN – go down to and use the TARGET LOCATION.

*Conclusion*

13.     Based upon the foregoing, and based upon my training and experience, I submit that there is probable cause to search (1) a maroon 2005 Buick minivan bearing Vehicle Identification Number (VIN) 5GADV33LX5D156896 ("TARGET VEHICLE"), as more particularly described in Attachment A-1, that is currently located on the premises of 19 Beech Street, Pawtucket, Rhode Island, as well as (2) the basement of the premises of 19 Beech Street, Pawtucket, Rhode Island, as more particularly described in Attachment A-2, to search for evidence, more particularly described in Attachment B, of

4

criminal activity of violations of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) (possession with intent to distribute controlled substances) (the "Specified Federal Offense").

14.   I, Evan Kalaher, having signed this Affidavit under oath as to all assertions and allegations contained herein, state that its contents are true and correct to the best of my knowledge, information and belief.

Respectfully submitted,

*[signature]*

EVAN R. KALAHER
Special Agent
Federal Bureau of Investigation

---

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by _____.
(*specify reliable electronic means*)

_____           _____
  *Date*                                                   *Judge's signature*

                                                    Lincoln D. Almond, U.S. Magistrate Judge
_____                          *Printed name and title*
  *City and State*

## Attachment A-1
## Vehicle to be Searched

**TARGET VEHICLE**: a maroon 2005 Buick minivan bearing Vehicle Identification Number (VIN) 5GADV33LX5D156896 currently located at 19 Beech Street, Pawtucket, RI.

## ATTACHMENT A-2
**Property to Be Searched**

**TARGET LOCATION:** The basement of 19 Beech Street, Pawtucket, RI, which is part of a multi-family residence, white in color with white trim. The front of the residence has two entryways, one which labeled 19, and two additional side entrances that face the driveway.



## Attachment B
## Things to be Seized

a. Controlled substances, including but not limited to crack cocaine, powder cocaine, heroin, fentanyl, crystal methamphetamine, designer drugs and/or marijuana; equipment and materials for packaging, cutting, weighing, manufacturing, and distributing controlled substances; drug paraphernalia including, but not limited to, scales, plastic wrap, plastic bags, surgical gloves, presses, and cutting agents as well as aromatic substances such as soap, dryer sheets, wood shavings, and heat sealers.

b. Firearms, firearms parts, ammunition, owner's manuals, storage containers, and other items used to store, handle, or hide weapons.

c. Books, records, notes, ledgers, and any other papers or records relating to the purchase, transportation, shipment, ordering, sale, importation, manufacture, and/or distribution of controlled substances and/or records relating to the receipt, disposition, and/or laundering of proceeds from the distribution of controlled substances, and/or records or electronic devices reflecting the identity of co-conspirators and drug/firearms customers, as well as their addresses and telephone numbers. Such documents include, but are not limited to, telephone address books, planners, receipts, state and federal income tax returns and supporting paperwork, notes, ledgers, bank records, money orders, wire transfers, cashier's checks, passbooks, certificates of deposit, bills, vehicle rental receipts, credit card receipts, hotel receipts, meal receipts, travel agency vouchers, travel schedules, shipment records, telephone bills and/or toll records and bills.

d. Cash and currency, and other items of value made or derived from trafficking in illegal substances and firearms or documents related thereto. Such items include, but are not limited to jewelry, precious metals, titles, deeds, monetary notes, registrations, purchase or sale invoices, bank records, or any other papers concerning financial transactions relating to obtaining, transferring, laundering, concealing, or expending money or other items of value made or derived from trafficking in controlled substances and/or firearms.

e. Documents reflecting dominion and/or control of the places to be searched including but not limited to, parking tickets, canceled mail, photographs,

personal telephone books, diaries, bills and statements, videotapes, keys, identification cards and documents, airline tickets and related travel documents, bank books, checks, and check registers.

f.  Documents or tangible evidence reflecting dominion, ownership, and/or control over any bank accounts, safe deposit boxes, stocks, bonds, mutual funds, and any other financial and/or monetary assets, instruments or interests, and over any tangible assets such as motor vehicles, real property, and commercial storage facilities.

g.  Photographs of individuals, property, and/or illegal controlled substances relevant to the drug conspiracy and/or drug distribution charges.

h.  Personal electronic devices, including cellular telephones, smartphones, and personal data assistants containing the following:

  - All records on such devices that relate to violations of the Specified Federal Offenses
  - Lists of customers and related identifying information.
  - Types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions.
  - Any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information).
  - Any information recording schedule or travel.
  - All bank records, checks, credit card bills, account information, and other financial records.
  - Evidence of user attribution showing who used or owned the device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of

this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.